NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VIRNETX INC.,**
*Appellant*

**v.**

**CISCO SYSTEMS, INC.,**
*Appellee*

_____

2022-2234

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,851.

_____

Decided: October 20, 2023

_____

STEPHEN BLAKE KINNAIRD, Paul Hastings LLP, Washington, DC, argued for appellant. Also represented by NAVEEN MODI, JOSEPH PALYS, IGOR VICTOR TIMOFEYEV, DANIEL ZEILBERGER.

ADAM LLOYD ERICKSON, Haynes and Boone, LLP, Plano, TX, argued for appellee. Also represented by THEODORE M. FOSTER, Denver, CO; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX.

_____

Before LOURIE, BRYSON, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

This patent appeal relates to an *inter partes* reexamination of U.S. Patent No. 7,418,504 ('504 patent) owned by VirnetX Inc. (VirnetX). In *VirnetX Inc. v. Cisco Systems, Inc.*, we vacated the Patent Trial and Appeal Board's (Board) initial decision affirming an Examiner's rejection of dependent claims 5, 12, and 13 and remanded to the Board with instructions to "consider whether the Lendenmann reference[1] discloses the use of its [remote procedure call (RPC)] mode of communication for communications between a user and the [Cell Directory Service (CDS)] as found by the Examiner." 776 F. App'x 698, 704 (Fed. Cir. 2019) (footnote added) (*VirnetX I*). On remand, the Board rejected claims 5, 12, and 13 again and denied rehearing. *Cisco Sys. Inc. v. VirnetX Inc.*, Reexamination No. 95/001,851, Appeal No. 2017-010954, 2022 WL 909849, at *4 (P.T.A.B. Mar. 24, 2022) (*Board Decision*); *Cisco Sys. Inc. v. VirnetX Inc.*, Reexamination No. 95/001,851, Appeal No. 2017-010954, 2022 WL 2866398, at *3–4 (P.T.A.B. July 19, 2022) (*Decision on Rehearing*). VirnetX appeals. Because the Board supported its reasoning with substantial evidence, adequately explained its reasoning, and adequately responded to VirnetX's arguments, we *affirm*.

## BACKGROUND

As we discussed at length in *VirnetX I*,[2] the '504 patent is directed to a domain name service system that facilitates

---

[1]    Rolf Lendenmann, *Understanding OSF DCE 1.1 for AIX and OS/2, IBM International Technical Support Organization*, pp. 1–245 (Oct. 1995), J.A. 4428–703.

[2]    We assume familiarity with the prior procedural history of this case, including our opinion in *VirnetX I*, and discuss only the facts relevant to resolving the disputes raised in this latest appeal.

secure communication links between devices in a computer network. 776 F. App'x at 700. In *VirnetX I*, we vacated the Board's affirmance of the Examiner's rejection of dependent claims 5, 12, and 13, the only claims at issue in the present appeal. *Id.* at 704. We could not affirm that Board decision because the Board had failed to make a key factual finding regarding "whether the Lendenmann reference discloses the use of its RPC mode of communication for communications between a user and the CDS" even though this fact was disputed by VirnetX and critical to the Examiner's rejection. *Id.*

On remand, the Board determined that "the Examiner's finding that Lendenmann uses the RPC mode of communication between a user and the CDS is supported by a preponderance of the evidence." *Board Decision*, 2022 WL 909849, at *2. The Board rejected VirnetX's arguments that Lendenmann's CDS does not use RPC. *Id.* Citing and quoting several passages in Lendenmann in support of its position, the Board reasoned:

> Lendenmann discloses "[i]n OSF [open software foundation] DCE [distributed computer environment], *data sharing is built upon RPC [remote procedure call], which is used as the means of transferring data . . . . [T]he directory service . . . [is] based upon the data sharing model.*" Lendenmann discloses the RPC application includes RPC runtime, which "performs such tasks as controlling communications between clients and servers *or finding servers for clients on request.*" Lendenmann discloses "[t]he *RPC runtime can be used to* store and *search for the location of servers (binding information) in the directory service.*" Thus, the Examiner's finding that Lendenmann uses the RPC mode of communication between a user and the CDS is supported by a preponderance of the evidence.

*Id.* (all alterations, omissions, and emphases in original) (citations omitted) (citing J.A. 4627, 4631, 4639, 4643, 4660–61). The Board equally applied this reasoning to claims 5, 12, and 13 in accordance with our holding in *VirnetX I* and affirmed the Examiner's rejection of these claims. *Id.* at *2–4.

VirnetX requested rehearing, and the Board denied this request. *Decision on Rehearing*, 2022 WL 2866398, at *1, *3. According to the Board, the passages of Lendenmann that VirnetX relied on "d[id] not outweigh or limit the express disclosures of Lendenmann" that were cited by the Board in *Board Decision*. *Id.* at *2. The Board further explained that:

> [VirnetX], in acknowledging that the CDS is involved in RPC communication, but arguing that RPC is not involved until after the request to the CDS has already been made, does not discuss or acknowledge the express disclosures in Lendenmann cited in [*Board Decision*]: 1) the system uses RPC to transfer data in the data sharing model upon which the CDS is based, and 2) RPC runtime performs tasks such as finding servers for clients on request and searching for the location of servers in the directory service.

*Id.* at *3.

VirnetX appealed. We have jurisdiction under 35 U.S.C. § 141(b) and 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

VirnetX challenges the Board's finding that Lendenmann's CDS uses the RPC mode of communication, a finding that, as we articulated in *VirnetX I*, was necessary to the Examiner's rejection of each of claims 5, 12, and 13. 776 F. App'x at 702–03. On appeal, VirnetX alleges the Board failed to (1) support its reasoning with substantial

evidence, (2) adequately explain its determination, and (3) adequately consider VirnetX's arguments. We disagree.

First, substantial evidence supports the Board's affirmance of the Examiner's rejection of claims 5, 12, and 13. The Board found Lendenmann expressly teaches (1) using RPC to transfer data in the data sharing model upon which the CDS is based and (2) using RPC runtime to perform tasks such as finding servers for clients on request and searching for the location of servers in the directory service (which includes the CDS). *See Decision on Rehearing*, 2022 WL 2866398, at *3; *Board Decision*, 2022 WL 909849, at *2 (citing J.A. 4627, 4631, 4639, 4643, 4660–61). Rather than directly contending with the Board's findings, VirnetX repeatedly points to examples elsewhere in Lendenmann allegedly establishing that the CDS is merely involved in the process of making an RPC and that the RPC is executed only after the request to the CDS has already been made. *See, e.g.*, Appellant's Br. 19, 21, 24; Appellant's Reply Br. 4, 7. VirnetX, however, does not reconcile its position with the Board's contrary understanding of Lendenmann or meaningfully address the specific portions of Lendenmann relied on by the Board. VirnetX does not explain, for example, how the Board's finding that Lendenmann teaches using RPC runtime to search for locations of servers in the directory service does not indicate that Lendenmann discloses using the RPC mode of communication for communications between a user and the CDS. VirnetX fails to persuade us that the Board's findings lack substantial evidence.

Second, the Board adequately explained its reasoning. The Board identified and quoted parts of Lendenmann supporting its determination that a preponderance of evidence supports the Examiner's finding that Lendenmann teaches using the RPC mode of communication for communications between a user and the CDS. *Board Decision*, 2022 WL 909849, at *2 (citing J.A. 4627, 4631, 4639, 4643, 4660–61). The Board explained that Lendenmann's directory service

uses the data sharing model and that the data sharing model in turn uses RPC as a means of transferring data. *Id.* at \*2. The Board also explained that Lendenmann teaches using RPC runtime to search for locations of servers in the directory service. *Id.* From this explanation, we find that "the [Board]'s path may reasonably be discerned" and thus hold that the Board adequately explained its findings. *Alacritech, Inc. v. Intel Corp.*, 966 F.3d 1367, 1370 (Fed. Cir. 2020) (quoting *In re NuVasive, Inc.*, 842 F.3d 1376, 1382–83 (Fed. Cir. 2016)).

Third, the Board adequately responded to VirnetX's argument that Lendenmann's CDS does not use RPC. VirnetX's appeal brief to the Board argued that Lendenmann expressly teaches steps for executing an RPC in which first, "the client queries a CDS to find a compatible server," second, "the CDS delivers to the client a partly bound or fully bound handle with the address information of the server," and third, "[t]he client then makes an RPC to the server." J.A. 2308 (citing J.A. 4638). Based on these steps, VirnetX understood Lendenmann as only teaching that the CDS is involved in the process of making an RPC, not that the CDS sends or receives an RPC. *Id.* The Board's decision on remand acknowledged VirnetX's argument but nonetheless found the Examiner and Cisco's positions to be more persuasive in light of other express disclosures in Lendenmann. *See Board Decision*, 2022 WL 909849, at \*2. The Board's decision on rehearing further explained that it did not find VirnetX's arguments sufficient to outweigh the evidence presented in *Board Decision*. *Decision on Rehearing*, 2022 WL 2866398, at \*2. This constitutes "reasoning in sufficient detail to permit meaningful appellate review." *Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1327 (Fed. Cir. 2015). We therefore conclude the Board adequately addressed VirnetX's arguments.

CONCLUSION

We accordingly are not persuaded that the Board erred in finding that Lendenmann discloses using the RPC mode of communication for communications between a user and the CDS. We have considered VirnetX's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's affirmance of the Examiner's rejection of claims 5, 12, and 13.

**AFFIRMED**